**3115 Group LLC v. Transcontinental Insurance Co.**

2

C.P. of Allegheny County, no. GD 09-14817.

*Robert W. Deer* and *Wayne M. Chiurazzi,* for plaintiffs.

*Dale K. Forsythe* and *Jeffrey A. Kubay,* for defendants Transcontinental Ins. Co., National Fire Co. and CAN Ins. Co.

*Richard S. Canciello,* for defendant AKM Constructors LLC.

*Robert J. Garvin,* for defendant Noralco Corp.

*John M. Steidle,* for defendant Douglass Pile Co. Inc.

FRIEDMAN, *J.*, February 12, 2010—Defendants Transcontinental Insurance Co., Noralco Corp. and Douglass Pile Co. Inc. filed preliminary objections to plaintiffs' complaint.[1] Most of the objections were disposed of at oral argument. We took under advisement the question of whether or not the facts pled make out a claim for common-law indemnity. We conclude that they do and so will permit plaintiffs to file an amended complaint as discussed herein.

At oral argument the following rulings were made but no contemporaneous order was signed except where indicated:

"(1) The preliminary objections of defendants Transcontinental, National Fire Insurance Company of Hartford and CNA Insurance Company were sustained and CNA Insurance Company was dismissed from the action by order dated January 5, 2010.

"(2) The preliminary objections of Douglass Pile were in the nature of a demurrer to plaintiffs' demand for attorneys fees, expert witness fees, etc. and for expenses related to construction delays etc. under plaintiffs' only claim against Douglass Pile, Count 3, which combined contribution and indemnity. There was no express demurrer to the indemnity claim, but we understood the objection to pertain to both claims. Douglass Pile asks that ¶79(b)(c) and (d) be 'dismissed,' *i.e.,* stricken. At argument Douglass Pile agreed that a contribution claim is

---

1. Most of the time herein we will use plaintiffs to refer only to 3115 Group LLC and Cozza Enterprises LLC. Plaintiff Colony Insurance Company is a party plaintiff because it paid out monies that the defendants were obligated to expend.

4

viable but without including those items of harm objected to. This seems to have been conceded by plaintiffs as to contribution but not conceded as to indemnity. The indemnity claim and issues related to it were taken under advisement. We now decide that both a claim for contribution and a claim for common-law indemnity may be re-pled as separate counts, without the demand at the contribution count for the improper items of damage. The reasons for the ruling on common-law indemnity are the main subject of this memorandum.

"(3) The preliminary objections of defendant Noralco were to the only counts against it, Count 2 (breach of contract) and Count 3 (contribution and indemnity). Noralco demurred to Count 2. The demurrer is based on the exhibits attached to plaintiffs' complaint which Noralco said demonstrate that it did not breach the contract as plaintiffs allege. Specifically, Noralco says those exhibits show that it did name plaintiffs 3115 Group LLC and Alex Enterprises Inc., inter alia, as additional insureds, which was the only contract duty Noralco had to any of the plaintiffs. This objection was sustained and Count 2 was orally dismissed as to Noralco, with prejudice and without leave to amend. Noralco's objections to Count 3 and the court's decision thereon are similar to those of Douglass Pile.

"(4) The rules of court require each plaintiff to state separate counts against each defendant as well as separate counts for each claim/cause of action. The bases for relief by each plaintiff may be different and the bases for each plaintiff's claims against each defendant is different. Plaintiffs are directed not to lump all defendants together when alleging the conduct complained of."

## DISCUSSION

After a review of the parties' briefs on the issue, it appears that there is little dispute as to the law that applies: a person who has paid an injured third party (to settle a tort action) has a claim for common-law indemnity against the parties who actually committed the negligent act, but only if that person was not also negligent. (If the person *was* also negligent, then there would be only a claim for contribution from the other joint tortfeasors.)

Defendants Noralco and Douglass Pile have demurred to plaintiffs' claim for common-law indemnification. The following facts are pled (or are pleadable in an amended complaint):

According to plaintiffs, plaintiffs' general contractor, Zambrano,[2] contracted with Noralco to install a temporary retaining wall at plaintiffs' construction site. Noralco then entered two subcontracts, one with Douglass Pile and one with AKM Constructors LLC, who did the actual work.[3] The retaining wall subsequently failed in July 2003 and caused damage to the adjacent landowners, the Hostoffers. The Hostoffers then sued plaintiffs 3115 Group LLC and Cozza Enterprises LLC for that property damage. Plaintiff Colony Insurance Company insured 3115 Group and undertook its defense. Colony also paid $100,000 towards the settlement with the Hostoffers. Cozza contributed $40,000 to the settlement and took

---

2. Zambrano is not named as a defendant although it is mentioned in ¶3 of the complaint.

3. AKM has filed an answer and new matter.

title to the now useless real estate at issue. Plaintiffs tendered their defense and indemnification for the Hostoffers' claim to defendants Douglass Pile and Noralco in September 2007. Despite repeated requests, both Douglass Pile and Noralco refused either to defend or indemnify. Plaintiffs settled the claim of the Hostoffers in late 2008 after giving all defendants "an opportunity to contest or object to the settlement terms." Exhibit C to plaintiffs' "memorandum of elements." When no objection was forthcoming, plaintiffs then brought the instant action against Noralco, Douglass Pile, as well as AKM and the insurers of those defendants.

Defendants clearly dispute these allegations. However, once an appropriately amended complaint is filed by plaintiffs, those disputes can be raised in answers and new matters. They are not for preliminary objections.

Noralco and Douglass Pile argue that since the Hostoffers' case against the plaintiffs was settled, and since the plaintiffs denied being negligent as to the Hostoffers, their claim lacks an essential element, that they were *not* "volunteers" when they settled. Noralco and Douglass Pile argue that plaintiffs cannot ever plead that they were "legally liable and could have been compelled to satisfy the claim [of the Hostoffers]," citing *Tugboat Indian Company v. A/S Ivarans Rederi,* 334 Pa. 15, 21, 5 A.2d 153, 156 (1939) and *Willard v. Interpool Ltd.,* 758 A.2d 684 (Pa. Super. 2000).

However, at this stage, taking all the facts listed above as true, we conclude that plaintiffs have made out a common-law indemnity claim as well as the alternative claim for contribution. Plaintiffs as a landowner had a

duty to the Hostoffers not to remove the support to the Hostoffers' adjacent land. Plaintiffs *could* have been found legally liable based solely on the events on plaintiffs' land that damaged the Hostoffers' land. The *success* of the common-law indemnity claim is a matter for judgment on the pleadings, summary judgment or trial, but at this early stage, it is viable and amendment must be allowed.

As for the objections to the *kinds* of damage/harm claimed by plaintiffs, those that have not been conceded are better left to a motion for summary judgment.

Since the oral rulings regarding other claims and parties resulted in the striking of some counts and the dismissal of some parties, the plaintiffs are directed to file an amended complaint consistent with all the rulings made. See order filed herewith.

## ORDER

And now, February 12, 2010, after consideration of the preliminary objections separately filed by defendants Douglass Pile Co. Inc. and Noralco Corp., for the reasons stated previously on the record at oral argument on January 5, 2010, as well as for the reasons set forth in the attached memorandum in support of order, it is hereby ordered as follows:

(1) The objections of Noralco and Douglass Pile to Count 3, "contribution and indemnity," are sustained in part and overruled in part, and plaintiffs shall amend to set forth those claims in separate counts by each plaintiff against each defendant, one set for contribution and one set for common-law indemnity, claiming the different

8

forms of damages applicable to each. The preliminary objections in the nature of demurrers to a *contractual* claim for indemnity as to these two defendants are sustained, and leave to amend as to contractual indemnity is denied.

(2) The preliminary objections of Noralco to Count 2, "breach of contract," are sustained, and Count 2 is dismissed as to Noralco, with prejudice.

(3) Plaintiffs may file an amended complaint within 30 days of this order, in accordance with the directive of the court during oral argument and as set forth in the attached memorandum in support of order.